### JAMES S. WHITON *vs.* WILLIAM W. NICHOLS.

The omission by an insolvent debtor to insert in his schedule of creditors the names and places of residence of some of his creditors, and the nature, amount and consideration of some of his debts, will not invalidate his discharge, although the facts were known to him, if the omission was not wilful or fraudulent; and this court will not infer a wilful or fraudulent intent, on a bill of exceptions.

This court has no authority to revise the decision of a judge of the superior court upon matters of fact, in a case in which a trial by jury was waived by the parties.

A discharge in insolvency is not invalid, although the claim of one of the creditors, whose assent was necessary to authorize the granting of the certificate, was secured by a mortgage executed by the debtor to the person who originally held the claim, if the mortgage was not transferred to the person by whom the claim was proved.

A discharge in insolvency is not invalid, although some of the creditors, whose assent was necessary to authorize the granting of the certificate, proved their claims without making oath to them at regular meetings, and the circumstances authorizing them to do so do not appear of record.

CONTRACT. The defence was a discharge in insolvency. A trial by jury was waived in the superior court, and upon a hearing before *Brigham*, J., certain facts were found, of which the following are all that are now material :

" The schedule of creditors delivered by the defendant to the messenger to whom the warrant was directed in the proceedings in insolvency did not contain a full and true account of all his creditors, with the place of residence of each creditor and the sum due to each of them ; the names of creditors, their residences and the amount due to each of them, although known to the defendant, were not stated in his schedule. At the second meeting of his creditors, the debtor did not ask or seek to amend said schedule, or to correct any mistake or omission made

by him.   Among the creditors whose names were thus omitted was John C. Nichols, brother of the defendant, whose residence was known to the defendant and not stated, and the amount of whose claim was known and not stated, and whose claim was about $4000, and was proved at the first meeting by one Henry A. Wilson, whose name did not appear in the schedule of cred-tors.   It was found also as a fact that this debt to John C. Nichols was secured by mortgage to John C. Nichols, and was so returned on his schedule of property, and no release was made of said mortgage before the proof of said debt.

" Seventeen creditors proved their claims, amounting to $6133.33.   Nine of these creditors, whose claims amounted to $5162.44, assented to the defendant's discharge.

" Plaintiff proved the claim sought to be recovered in this action, and his claim was sworn to before Charles B. F. Adams, justice of the peace for the county of Suffolk, in said county, and the oath contained the allegation that the plaintiff resided more than five miles from the place of holding the first meet-ing of creditors.   John M. Way signed the plaintiff's assent to the discharge, under a written authority to him to act for the plaintiff.

" The claim of the assignees of T. Lyman & Co. was sworn to on April 7, 1856, before S. C. Maine, commissioner of insol-vency in Suffolk county.   No meeting of creditors of said de-fendant was held on that day, nor was said claim sworn to at any such meeting.   Said claim was upon a promissory note payable to the assignees of T. Lyman, and Alexander Fullerton proved and made oath to the same, as one of the assignees of T. Lyman & Co.

" The claim of George E. Parker was upon a due bill, upon which the defendant acknowledged November 30 [no year] an indebtedness of $1462 to George E. Parker.   This claim was proved by Frederick Richards, attorney of said Parker, and it did not appear by the oath of said Richards, or the certificate of the same, that said Parker was disabled by absence from the state, sickness or other cause from proving his claim.

" George W. Hewes, the plaintiff, the assignee of T. Lyman

& Co., and George E. Parker, were creditors who proved theii claims and assented to the defendant's discharge.

" The presiding judge ruled that none of the foregoing facts were sufficient in law to avoid or defeat the effect of the defendant's discharge in insolvency, and directed judgment to be entered for the defendant.

" To the foregoing rulings and directions the plaintiff excepts."

*E. M. Bigelow,* for the plaintiff.

*W. L. Burt,* for the defendant.

MERRICK, J. A trial by jury in this cause was waived by the parties, and, in pursuance of the provisions of the statute upon that subject, it was heard and determined by the court. Gen. Sts. *c.* 129, § 66. Certain facts, reported in the bill of exceptions, were established as true, and the court ruled that they were not in law sufficient to invalidate the defendant's discharge in insolvency. It was not found that the defendant had been guilty of any fraud in reference to any of the facts reported, or that the omission of any debt or the name or place of residence of any creditor on his schedule delivered to the messenger was either wilful or fraudulent. In the case of *Burnside* v. *Brigham,* 8 Met. 75, it was held that to invalidate the discharge it must be shown affirmatively that the omission was wilful and fraudulent, and because the debtor apprehended opposition from a creditor whose name or residence was not disclosed in the schedule, or from some other source. And this principle is recognized and affirmed in the case of *Williams* v. *Coggeshall,* 11 Cush. 446.

The conclusions of the court, acting in the place of a jury in the determination of questions of fact, are not subject to exception ; and therefore even if we were of opinion, which we do not mean to intimate that we entertain, that it would be competent to deduce from the facts found by the court, the inference that the defendant had been guilty of fraudulent or wilful misconduct in the suppression or omission from his schedule of any of his debts, or of the names or places of residence of any of his creditors, that would not authorize this court to

interfere and overrule the decisions of the court. It is only when a party is aggrieved by a ruling, opinion, direction or judgment in matters of law, that he may file exceptions and require the question in controversy to be submitted to the determination of this court, or that this court can control or set aside the decisions of another tribunal. In matters of fact, the finding of the jury, or of the court when it is voluntarily substituted by the parties for a jury, is not subject, as a question of law, to the revision of any other tribunal.

If there was any irregularity in the proof of claims, it does not appear to have been induced by the act or influence of the defendant, or even to have been known to him; and it is not suggested that any claim was proved or allowed which was not justly due, or which ought not to have been proved against his estate. But the bill of exceptions does not show that there was in fact any such irregularity. Although John C. Nichols, when a creditor, had security for the payment of the debt due to him, .it does not appear that that security was ever transferred, or intended to be transferred, to Wilson, or that the latter ever had, or claimed to have, any interest in it; and that he had none, would, in the absence of all further evidence or explanation, seem justly to be inferred from the offer of his claim, and the allowance of it by the commissioner, in proof as a debt against the estate of the insolvent. And it is for this reason, as we understand it, that no objection to the validity of this proof was taken at the argument by the counsel of the plaintiff in support of the exceptions.

Nor does it appear from the bill of exceptions to have been shown that the commissioner, before whom the claim of the assignees of T. Lyman & Co. was sworn to, was not a magistrate authorized to administer oaths to creditors in the cases where it is allowed by the statute; or that in any of the cases in which a debt was sworn to before a justice of the peace, the circumstances did not exist which authorized him to administer the oath to the creditor for the purpose of authenticating and proving his claim.

The several rulings of the court in reference to the facts stated

in the bill of exceptions appear to have been in conformity to law, and therefore afford to the plaintiff no cause of objection.

*Exceptions overruled.*